UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

Plaintiff,

v.

BRITTANY STALLINGS,

Defendant.

NO.: 26-mj-100 (KMM/EMB)

**MEMORANDUM IN SUPPORT OF MOTION TO DISCLOSE PURSUANT TO RULE 6(e)**

Brittnay Stallings, by and through her attorney, submits this memorandum in support of her motion to disclose the existence of any grand jury proceedings (ECF No. 23) in this case pursuant to Fed. R. Crim. P. 6(e).  In response to Ms. Stallings' motion the Government stated it would provide ex parte information to the Court.  (ECF No. 26).  At the motion hearing the Government argued that disclosing the existence or non-existence of whether the Grand Jury met on this matter was violative of the Grand Jury secrecy rules. To date, the Government has provided no additional authority supporting this position. Counsel for Ms. Stallings has not found any case that supports the Government position.

Rule 6(e) governs secrecy as it applies to the grand jury.  The rules states that "no obligation of secrecy may be imposed... except in accordance with (e)(2)(B)".  Subdivision (e)(2)(B) in turn applies secrecy only to "matter[s] occurring before the grand jury".  Fed. R. Crim. P. 6(e)(2)(B). Recently a district court in New York addressed this issue of what constitutes a matter before the grandy jury.  There the district court wrote "Rule 6(e) does not define what precisely constitutes 'a matter occurring before the grand jury", the

1

relevant question is whether the disclosure at issue would reveal "the inner workings of the grand jury". *United States v. Adams*, 755 F. Supp. 3d 519, 525 (S.D.N.Y. 2024). This would include actual evidence, but also other information (summaries of testimony, deliberations, the direction of an investigation) as that might "tend to reveal what transpired before" the grand jury. *Id. citing*, *United States v. Eastern Air Lines, Inc.*, 923 F.2d 241, 244 (2d Cir. 1991). The focus of the inquiry is on whether the disclosure would reveal what occurred or transpired before the grand jury and whether it would otherwise reveal something meaningful about the grand jury process. It is simply not the case that any and every mention of the grand jury triggers the imposition of secrecy. The Government's confirmation that a case was never presented to a grand jury *cannot* reveal what occurred before a grand jury, nor does it reveal any of its inner workings.

Ms. Stallings respectfully submits that a plain reading of the secrecy rule in 6(e) means that matters *not* occurring before the grand jury do not implicate Rule 6(e). In addition to the plain language of the statute, it makes sense that Rule 6(e) would not be implicated when a grand jury is not convened. In those situations, there are no grand jury witnesses or grand jurors to protect; there is no testimony the government hopes to freely elicit "without fear or retaliation" as the Supreme Court has discussed.

To the extent that the ex parte document filed by the Government simply states that Ms. Stallings' case was never presented to any grand jury, Rule 6(e) secrecy does not apply. This would be consistent with the Courts' decisions in *United States v. Charlebois*, No. 26-mj-59 (SRN/SGE), and *United States v. Etherington*, No. 26-mj-58 (NEB/DTS). Based on

this reading of the rule, and that secrecy is not implicated, Ms. Stallings requests that the

contents of the ex parte document be unsealed and made part of the public record.


Dated: April 23, 2026.                                   Respectfully submitted,

                                                         *s / Aaron J. Morrison*
                                                         AARON J. MORRISON
                                                         Attorney No. 0341241
                                                         Attorney for Ms. Stallings
                                                         107 U.S. Courthouse
                                                         300 South Fourth Street
                                                         Minneapolis, MN  55415